UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN GRICE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KITSAP BANK, et al.,<br><br>　　　　　　Defendants. | CASE NO. C13-5835 BHS<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

This matter comes before the Court on Plaintiff John Grice's ("Grice") motion for a temporary restraining order and preliminary injunction (Dkt. 2). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 23, 2013, Grice filed a complaint against numerous defendants alleging numerous causes of action. Dkt. 1. Grice also filed an "Application for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief." Dkt. 2.

The Court considers the application a motion for temporary restraining order and preliminary injunction.

## II. DISCUSSION

Grice appears to argue that a restraining order and injunction should issue under both the Washington Deed of Trusts Act ("DTA"), RCW Chapter 61.24, and the Court's inherent power. Dkt. 2, ¶¶ 30–32. With regard to the DTA, Grice has failed to show that he gave any defendant or the trustee the requisite 5 days' notice or that he is able to make the requisite payments to the Court's registry. RCW 61.24.130. Therefore, the Court denies the motion for a temporary restraining order under the DTA.

With regard to the Court's inherent power, plaintiff must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent a preliminary injunction; (3) that the balance of equities tips in favor of issuing an injunction; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 19 (2008). Grice has failed to show a likelihood of success on the merits of any of his claims. The mere fact that he asserts claims is not sufficient grounds to find that he is likely to succeed on them. Moreover, Grice's main arguments focus on an improper transfer of the note in connection with his deed of trust. Grice has failed to show any prejudice or harm even if his allegations are true. In other words, Grice has failed to show that the pending foreclosure is a result of any improper transfer instead of a failure to comply with contractual obligations of the loan. Therefore, the Court denies Grice's motion for temporary restraining order under its inherent power.

1  With regard to the motion for preliminary injunction, Grice has failed to certify
2  that he served the motion on any defendant as required by the Local Rules of Procedure.
3  *See* LCR 7.  As for the merits, the Court finds it highly unlikely that Grice could meet his
4  burden for the issuance of an injunction based on the current briefing.  Regardless, the
5  Court denies the motion for preliminary injunction without prejudice.

## III. ORDER

7  Therefore, it is hereby **ORDERED** that Grice's motion for a temporary restraining
8  order and preliminary injunction (Dkt. 2) is **DENIED.**
9  Dated this 24th day of September, 2013.

BENJAMIN H. SETTLE
United States District Judge