UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GRICE,

           Plaintiff,

   v.

KITSAP BANK, et al.,

           Defendants.

CASE NO. C13-5835 BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants Federal Home Loan Mortgage Corporation, Federal National Mortgage Association, Kitsap Bank, Vonnie McElligott, Midwest Loan Services, Inc., Northwest Trustee Services, Inc., Routh Crabtree Olsen, P.S., and Laura Zerbst's ("Defendants") motion to dismiss (Dkt. 20). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 23, 2013, Plaintiff John Grice ("Grice") filed a complaint against Defendants asserting numerous causes of action. Dkt. 1. Grice's federal claims are (1) a

violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"), (2) a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 –1692p ("FDCPA"), and (3) a violation of the Truth in Lending Act. 15 U.S.C § 1601, *et seq.* ("TILA"). *Id.*

On November 5, 2013, Defendants filed a motion to dismiss. Dkt. 20. Grice did not respond. On December 5, 2013, Defendants replied. Dkt. 22.

## II. DISCUSSION

As a threshold matter, Grice has failed to respond to Defendants' motion. Under the Local Rules the Court can, and will, consider such failure as an admission that Defendants' motion has merit. Local Rule CR 7(b)(2). Regardless, the Court will briefly discuss the merits of the motion.

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

1 | In this case, Grice fails to state a federal claim upon which relief may be granted. With regard to his RICO claim, Grice fails to allege a pattern of illegal activity. With regard to his FDCPA claim, Grice fails to allege that any Defendant is a "debt collector" as defined by the FDCPA. With regard to his TILA claim, it appears to be time barred by the one-year statute of limitations because the loan was originated in 2006. Therefore, the Court grants the motion as to Grice's federal claims.

With regard to the remaining state law claims, the Court dismisses these claims for lack of jurisdiction because there appears to be a lack of complete diversity.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 20) is **GRANTED,** Grice's federal claims are **DISMISSED** on the merits, and Grice's state law claims are **DISMISSED** for lack of jurisdiction.

Dated this 16th day of January, 2014.

BENJAMIN H. SETTLE
United States District Judge